# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**JAMES LEE BALLARD,**
**# ASO13MNI009026,**

    **Plaintiff,**

vs.                                              **Case No. 1:23cv91-MW-MAF**

**JOHN LYON BROLING,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a detainee in the Alachua County Jail. For unexplained reasons, Plaintiff submitted a pro se civil rights complaint to the United States District Court for the Western District of Washington, Seattle Division. ECF No. 1. Noting venue was improper, that Court transferred the case to this Court. ECF No. 4. The case has now been filed in this Court and assigned to the undersigned United States Magistrate Judge.

Plaintiff is a known litigant in this Court. He has filed numerous cases and, recently, he filed case number 4:22cv445-MW-MAF which was dismissed on February 13, 2023, because Plaintiff has "three strikes" and

is barred from filing a federal civil rights complaint which is unaccompanied by the Court's filing fee pursuant to 28 U.S.C. § 1915(g).  ECF Nos. 7 and 15 of case # 4:22cv445.  Here, Plaintiff submitted a civil rights complaint, ECF No. 1, but he did not pay the filing fee or submit a motion for leave to proceed with in forma pauperis status.

Even if Plaintiff had filed an in forma pauperis motion in accordance with 28 U.S.C. § 1915, this Court has previously determined that Plaintiff is not entitled to proceed with in forma pauperis status.  That statute forbids granting a prisoner leave to proceed in forma pauperis if the prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff is in the Alachua County Jail, ECF No. 1 at 2, and is a "prisoner" as defined by 28 U.S.C. § 1915(h).

Plaintiff's litigation history shows that Plaintiff has had more than 3 cases dismissed for reasons listed in § 1915(g).  Plaintiff filed case number 4:22cv183-WS-MAF on May 11, 2022.  The case was dismissed on

Case No. 1:23cv91-MW-MAF

October 5, 2022.  ECF No. 22 of that case.  The basis for dismissal was that the complaint failed to state a claim, Plaintiff failed to honestly disclose his prior litigation, and he sought "monetary relief against a defendant who is immune from such relief."  *Id.*  The first and third reasons are listed in 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Plaintiff also filed case number 1:22cv103-AW-MAF on May 10, 2022.  That case was dismissed on July 28, 2022, for Plaintiff's failure to disclose his prior litigation.  ECF No. 18 of that case.  A dismissal for failing to disclose all prior cases counts is deemed to be abuse of the judicial process and counts as a "strike" under 28 U.S.C. § 1915(e)(2)(B)(i).  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011); Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008) (explaining "that a dismissal based on a petitioner's abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious: 'dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).'")(quoting Rivera)).  That dismissal counts as a second strike.

Plaintiff also filed case number 1:22cv104-AW-MJF which was dismissed on July 28, 2022. ECF No. 21 of that case. Again, the basis for dismissal was Plaintiff's failure to disclose prior litigation. That dismissal counts as Plaintiff's third strike.

While three strikes is sufficient to deny in forma pauperis process, the Court notes that Plaintiff has also received a fourth strike.[1] Case number 4:22cv266-MW-MAF was filed on July 18, 2022, and dismissed on September 12, 2022. ECF No. 16 of that case. The basis for dismissal was failure to disclose prior litigation, and for suing a defendant who is immune from monetary relief. As noted above, those reasons count as strikes under § 1915(e)(2)(B)(i),(iii).

Because Plaintiff has more than three strikes, he may only proceed in this case with in forma pauperis status if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is not. His complaint alleges that he was subjected to an illegal search and seizure. ECF No. 1 at 4. He also contends that defendants are seeking to retaliate against him for filing a federal lawsuit, and did so by conspiring to hire a

---

[1] There may have been more dismissals which count as strikes, but four is sufficient for purposes of this Report and Recommendation.

Case No. 1:23cv91-MW-MAF

psychologist to falsify information to the court.  *Id.* at 6-7.  Plaintiff further contends he has been denied due process, and seeks 40 million dollars as relief.  *Id.* at 7-9.  Plaintiff does not allege claims of imminent danger.  Thus, he is not entitled to proceed with in forma pauperis status.  Because Plaintiff's prior case was dismissed within the past two months, Plaintiff is well aware of that fact.

Accordingly, it is recommended that this case be dismissed.  Dismissal should be without prejudice to Plaintiff's ability to assert the same allegations in a complaint for which he pays the full $402.00 filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  *Id.*  "When a prisoner with three strikes is denied IFP status under § 1915(g), the proper course is to dismiss the prisoner's complaint without prejudice."  Daker v. Ward, 999 F.3d 1300, 1310 (11th Cir. 2021) (citing Mitchell v. Nobles, 873 F.3d 869, 872 (11th Cir. 2017)).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling this case if he simultaneously submits the filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 24, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 1:23cv91-MW-MAF